IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## CHARLES BLACKSTOCK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 230316, 230317, 230318      Barry A. Steelman, Judge**

_____

### No. E2019-01446-CCA-R3-ECN

_____

The pro se Petitioner, Charles Blackstock, appeals as of right from the Hamilton County Criminal Court's order summarily denying his petition for a writ of error coram nobis or, alternatively, petition for a writ of habeas corpus. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Charles Blackstock, Pro Se, Only, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

#### Factual Background

The Petitioner pleaded guilty to one count of especially aggravated kidnapping and two counts of rape of a child concerning the July 18, 1999 offenses wherein the Petitioner abducted the nine-year-old victim as she rode her bicycle, placed her in the trunk of his car, and then anally and orally raped her before her escape. Pursuant to the plea agreement, the length and manner of service of the sentences were determined by the trial court. At sentencing, the trial court imposed twenty-five-year sentences for each

offense to be served consecutively, for a total effective sentence of seventy-five years' incarceration. On direct appeal, this court modified the sentences for the rape of child convictions to twenty-three years each but otherwise affirmed the judgments of the trial court, resulting in a total effective sentence of seventy-one years' incarceration. State v. Charles R. Blackstock, No. E2000-01546-CCA-R3-CD, 2001 WL 969036, at *1 (Tenn. Crim. App. Aug. 27, 2001) (no perm. app. filed). The Petitioner unsuccessfully pursued habeas corpus relief, the denial of which was affirmed by this court on appeal. Charles Blackstock v. State, No. E2013-01173-CCA-R3-HC, 2014 WL 1092812 (Tenn. Crim. App. Mar. 19, 2014) (no perm. app. filed). The Petitioner then unsuccessfully pursued a petition for post-conviction relief, the summary denial of which was affirmed by this court on appeal. Charles R. Blackstock v. State, E2015-01384-CCA-R3-PC, 2016 WL 1276300 (Tenn. Crim. App. Mar. 31, 2016), perm. app. denied (Tenn. Aug. 18, 2016).

On May 7, 2019, the Petitioner filed a pro se petition for a writ of error coram nobis or, alternatively, petition for a writ of habeas corpus alleging that newly discovered evidence concerning his sexual abuse victimization as a child explained his committing these offenses and would change the sentencing determination by the trial court. On July 22, 2019, the trial court summarily denied relief as to both modes of relief. The trial court concluded that the Petitioner could not claim coram nobis relief from guilty-pleaded convictions and that the Petitioner had failed to raise a cognizable habeas corpus claim. The Petitioner filed a timely notice of appeal with this court. Following the Petitioner's filing of the brief, the State filed a motion asking this court to affirm the trial court's judgment by memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20. The Petitioner has not filed a response to the State's motion.

## Analysis

### Error Coram Nobis

"[T]he statute setting forth the remedy of error coram nobis in criminal matters does not encompass its application to guilty pleas." Frazier v. State, 495 S.W.3d 246, 247 (Tenn. 2016). Therefore, the trial court did not err in summarily denying coram nobis relief to the Petitioner's challenge of his guilty-pleaded convictions.

### Habeas Corpus

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the

expiration of his sentence.  See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer, 851 S.W.2d at 164.

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.  State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).  A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment."  See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007).  In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity."  Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).  We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness.  McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

Our supreme court has held, "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required.  The habeas corpus court may . . . choose to adjudicate the petition on its merits."  Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004) (footnote omitted) (citing Tenn. Code Ann. § 29-21-109).  While procedural default is not required, we observe that neither the trial court nor the parties made any mention of the procedural requirements for filing a habeas corpus petition.

This is the Petitioner's second petition for a writ of habeas corpus. The Petitioner was convicted in Hamilton County and is incarcerated in Hickman County.  Tennessee Code Annotated section 29-21-105 states that an application for habeas corpus relief should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."  The Petitioner provides no reason for filing in Hamilton County.  Moreover, the Petitioner failed to attach a copy of the judgments under attack or the prior habeas corpus petition to the instant petition.  The procedural requirements for habeas corpus relief are "mandatory and must be followed scrupulously." *Archer v. State,* 851 S.W.2d 157, 165 (Tenn.1993).  The Petitioner's alternative pleading form does not absolve him of the mandatory pleading requirements of the habeas corpus statute.  The trial court could have summarily dismissed the petition without addressing the merits of the allegations.

That said, we agree that the Petitioner failed to state a cognizable claim for habeas corpus relief. Challenges to the consideration of mitigating evidence related to sentencing are not cognizable grounds of habeas corpus relief. Bobby Joe Strader v. David Osborne, Warden, No. E2011-02510-CCA-MR3-HC, 2012 WL 3548510, at *3 (Tenn. Crim. App. Aug. 17, 2012) ("Any alleged error in the setting of the sentence length within the applicable range would be an 'appealable error' that would not be cognizable in a habeas corpus proceeding"). The Petitioner's claim that the State violated Brady v. Maryland in failing to disclose evidence of his victimization and its relationship to his offending as an adult is also not cognizable in a habeas corpus proceeding. George T. Haynie, Jr. v. Ricky Bell, Warden, et al., No. M2006-02752-CCA-R3-CV, 2007 WL 1792534, at *7 (Tenn. Crim. App. June 27, 2007). Likewise, the Petitioner's allegations of ineffective assistance of counsel are not cognizable claims for habeas corpus relief. Thomas Ernest Young v. State, No. M2016-02333-CCA-R3-HC, 2018 WL 444202, at *4 (Tenn. Crim. App. Jan 17, 2018). We conclude that the Petitioner is not entitled to relief.

## Conclusion

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the State's motion to affirm by memorandum opinion the judgment of the trial court denying error coram nobis and habeas corpus relief is GRANTED. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Hamilton County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE

- 4 -